IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



Minister Jabari Nazir Bey a/k/a/ Jabari Nazir Bey

Plaintiff,

V.

OAKTON COMMUNITY COLLEGE,

DEFENDANT,

Case No. 14CV6655
Honorable Judge: John J. Tharp, Jr.

Jury Trial Demand

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT

Plaintiff, Minister Jabari Nazir Bey ("In Propia Persona"), before this Honorable Court and hereby files this response to the defendant's motion to dismiss, respectfully states as follows:

### INTRODUCTION

1. On December 10, 2014 Plaintiff filed an Amended Complaint is the case in which he had leave from the court to do so.

2. On or about December 29, 2014 Defendant ("OAKTON COMMUNITY COLLEGE") filed a motion to dismiss the amended complaint.

3. Plaintiff would like to invoke the decisions of HAINES V. KERNER (1972) 404 US where the words of a Pro Se litigant are liberally construed and held to less rigorous standards (see Elliot v. Bronson (1989, CA Conn) 872 F2d 20.) than pleadings drafted by lawyers and dismissed for

1

failure to state a claim only if it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim that would entitle him to relief (ALSO SEE <u>Estelle v. Gamble</u>, 429 U.S. 97, 105 (1976), <u>Denton V. Hernandez</u> (a992), and <u>Erickson V. Pardus</u> (2007). We also invoke the decision of <u>SANNER V. THE BOARD OF TRADE</u> 62F .3d 918, 925 (7th Cir.1995) as a PLAINTIFF. In Sanner all well pleaded facts made by a plaintiff are accepted with a sort of deference in a case.

**Defendant's Statements are Incorrect and without Merit Regarding Plaintiff Nationality Name**

4. Plaintiff Nationality Name correction/change was done lawfully and legally in which OAKTON COMMUNITY COLLEGE is fully aware of.

5. Plaintiff corrected his Nationality name to Jabari Nazir Bey with OAKTON COMMUNITY COLLEGE on June 2010.

6. Defendant intentionally and knowingly lied and made false statements in the Illinois Department of Human Rights Conference meeting where both parties met, and where the defendant stated that the Jabari Nazir Bey notified OAKTON COMMUNITY COLLEGE of his nationality name correction/change in July 2010 in which the Plaintiff stated he notified them in June 2010.

7. Defendant throughout this entire case has now stated they were notified in June 2010.

8. The defendant corrected Jabari Nazir Bey Nationality name in June 2010 and kept all his other identification cards, email address username and other docs as Jabari Nazir Bey to August 2014, but change only tax docs to reflect Ryan Clifford Kendricks.

9. The defendant is picking and choosing when to use Jabari Nazir Bey and Ryan Clifford Kendricks only for their person situations, which is unfair. Outside of tax documents, starting on or around December 2012 OAKTON COMMUNITY COLLEGE use the name Jabari Nazir Bey on all docs including tax documents.

10. Plaintiff has stated in the Amended Complaint and by affidavit in the Amended Complaint that the name Jabari Nazir Bey is his Nationality Name and not his Religious name and that he did not change his name for any religious reasons in which OAKTON COMMUNITY COLLEGE knew from the beginning and were fully aware of.

11. Defendant arguments that the Jabari Nazir Bey name is a religious name or changed for religious reasons are moot and untrue.

12. Plaintiff nationality name correction/change was done through a Tribal Court Order and done legally and lawfully has a matter of law (State, Federal and International).

13. Jabari Nazir Bey Nationality Name Correction was done on or around February 2010 which was also witness by a Notary Public and OAKTON COMMUNITY COLLEGE was notified June 2010 in which all my information with the college reflected the name Jabari Nazir Bey.

14. Court Cases from the Supreme Court of the United States and Federal Courts That Back the Common Law Right to Change my Name without a Court Order.

15. One may be employed, do business, and enter into other contracts, and sue and be sued under any name they choose at will (Lindon v. First National Bank 10 F. 894, Coppage v. Kansas 236 U.S. 1, In re McUlta 189 F. 250).

16. Lindon v. First National Bank (1882), 10 F. 894, is one of the very earliest precedent-setting federal court cases involving common law name change. A woman who had changed her last name to one that was not her husband's original surname name at birth was trying to claim control over her inheritance. The court ruled in her favor, "At common law a man may change his name, and he is bound by any contract into which he may enter in his adopted or reputed name, and by his known and recognized name he may sue and be sued." This set forth many things. By common law, one may lawfully change their name and be "known and recognized" by that new name. Also, one may enter into any kinds of contracts in their new adopted name.

Contracts include employment (see Coppage v. Kansas 236 U.S. 1). And one can be recognized legally in court in their new name.

17. Such a change carries the exact same legal weight as a court decreed name change as long as it is not done with fraudulent intent (In re McUlta 189 F. 250, Christianson v. King County 196 F. 791, United States v. McKay 2 F.2d 257).

18. In re McUlta, 189 F. 250 (1911), is one of several precedent-setting federal court rulings that clearly defined and established common law name changes as a legal right.

19. In re Snook, supra; Rich v. Mayer (City Ct. N. Y.) 7 N. Y. Sup. 69, 70. They are merely used as means of indicating identity of persons. Meyer v. Indiana National Bank 27 Ind. App. 354, 61 N. E. 596

20. The Plaintiff Nationality Name correction/change was done legally and lawfully in the STATE OF ILLINOIS, pursuant to 735 ILCS 5/21-105. Section 21-105 – "Invalidity of common law name changes. Common law name changes adopted in this State on or after July 1, 2010 are in valid. All name changes shall be made pursuant to marriage or other legal proceedings."

21. Even in the State law the Jabari Nazir Bey name correction/change was done legally and lawfully in which OAKTON COMMUNITY COLLEGE is fully aware of, in which Jabari Nazir Bey notified OAKTON COMMUNITY COLLEGE of the State Laws, Federal Laws, Supreme Court Cases and International Law.

22. Jabari Nazir Bey Nationality name correction/change is governed by International Law Nations Declaration on the Rights of Indigenous Peoples (Article 6) – Every Indigenous individual has a right to a nationality. United Nations Declaration of Human Rights (Article 15) (1) – Everyone has the right to a nationality. (2) No one shall be arbitrarily deprived nor denied the right to change his nationality. Also See Resolution 75: Journals of the House of Representatives; United States – April 17, 1933 A.D. – "Moorish American Society of Philadelphia and the Use

of Their Names" and are the right bearers of the Names and Title of Nobility, Ali, El. Bey, Dey and Al.

23. Defendant never spoke on how they intentionally and knowingly change all plaintiff bank payroll statements without his permission in a fraudulent discrimination cover up. This is fraud to the highest degree (See Amended Complaint)

24. On December 2013 OAKTON COMMUNITY COLLEGE sent an email where they changed the user name on my email address to Jabari Nazir Bey. This was a year later after they started discriminating in which they are just choosing when to use Jabari Nazir Bey and when not to which has cause the plaintiff stress and anxiety to the highest degree (See Exhibit A).

25. Defendant argument about Jabari Nazir Bey Nationality name correction/change was done for tax purposes and tax documents are moot and untrue. Jabari Nazir Bey has stated over and over that Jabari Nazir Bey Nationality Name correction/change was not done for any tax purposes or tax documents. Defendant allegations are false and untrue. Plaintiff has already stated that in the Amended Complaint along with Affidavit (See Amended Complaint).

26. By OAKTON COMMUNITY COLLEGE knowingly and intentionally calling him and stating that his name is Ryan Clifford Kendricks is a violation of his Human Rights, Indigenous Rights, Political Rights, Natural Rights, Personal Rights and acts of Denationalization.

**Defendant's Statements are Incorrect and without Merit Regarding Plaintiff Religious Beliefs**

27. Plaintiff has a right not be violated because of his religious beliefs and also his religious beliefs should be respected as other people religious beliefs are respected in the same work enviornment.

28. Plaintiff Religious Beliefs are Indigenous Moorish/Islamic.

29. Plaintiff strong Religious Beliefs prohibits him from having, using or participating in any Social Security program, Medicare program or having a Social Security Card.

30. Plaintiff never gave OAKTON COMMUNITY COLLEGE a Social Security Card with the name Jabari Nazir Bey.

31. On June 2010 OAKTON COMMUNITY COLLEGE stated that would respect his religious beliefs and not use a Social Security number for him in which they did. OAKTON COMMUNITY COLLEGE stop the use of identifying him with any type of Social Security number.

32. Title VII, 42 U.S.C. Section 2000e-2(a)(1) makes it unlawful to discriminate against any employee or perspective employee on the bases of his or her religion. (This is in addition to the basic U.S. Constitution First Amendment protection of the free exercise of religion). Also International Rights United Nations Declaration of Human Rights Article 18 – "Everyone has the right to freedom of thought, conscience and religion; this right includes freedom to change his religion or belief, and freedom, either alone or in community with others and in public or private, to manifest his religion or belief in teaching, practice, worship and observance." Along with United Nations Declaration on the Rights of Indigenous People all article incorporated.

33. Jabari Nazir Bey is protected by his religious beliefs not to use a social security number via Equal Employment Opportunity Commission ("EEOC") 1992 Complaint case won by Mr. Hanson on the grounds that he did not have to give his employer a social security number base on his religious beliefs and in forcing him to give or use a social security number the employer was discriminating against him. See court case <u>EEOC v. Information Systems Consulting.</u>

34. My strong Indigenous Moorish/Islamic Religious Beliefs does not allow to accept any benefits from any corporation or government, or to identified by any number especially a Social Security number which is a bond number and a demonic number according to our religious beliefs. OAKTON COMMUNITY COLLEGE was fully aware of my religious beliefs from the beginning and stated they would respect my religious beliefs in which they did at the time. They

stop all use of a social security number.

35. The defendant argument and statement that the Plaintiff non-use of a Social Security Number is for tax purposes and tax documents are moot and untrue.

36. Plaintiff has already stated in the Amended Complaint along with an Affidavit that his right not to use a social security number is because of his strong religious beliefs. Plaintiff non-use of a social security number was not for any tax purposes or tax documents (See Amended Complaint along with Affidavit attached). Defendant allegations are false and untrue.

37. IRS Legal Provisions for Those who have no Social Security Numbers For your Notice there is no Legal requirement to have a taxpayer identification number /social security number. Any attempts by anyone to force you to have one are considered discrimination.

38. The Federal Government and IRS lay out these laws if a person does not have a Social Security number:

39. 26 U.S.C. 6109(a)(3) (Supp. 1992)" The IRS regulation interpreting section 6109 provides: "If he does not know the taxpayer identifying number of the other person, he shall request such number of the other person. A request should state that the identifying number is required to be furnished under the law. When the person filing the return, statement, or other document does not know the number of the other person, and has complied with the request provision of this paragraph, he shall sign an affidavit on the transmittal document forwarding such returns, statements, or other documents to the Internal Revenue Service so stating.."

40. Treas. Reg. 301.6109-1(c) (1991) "The applicable IRS statute and regulation place a duty on the employer to request a taxpayer identifying number from the employee. If document must be filed and the employer has been unable to obtain the number but has made the request then the employer need only include as affidavit stating that the request was made."

41. The Government also avers that: "In 1989, Internal Revenue Code Section 6676, 26 U.S.C. and

6676 (1989), set forth the penalties for failing to supply the IRS with identifying numbers as required by the code....a $50.00 penalty will be imposed for failure of an employer to provide an identifying number on any document filed with the IRS unless it is shown that the failure was due to reasonable cause and not willful neglect. The Treasury Regulation interpreting the Statute states: Under Section 301.609-1(c) a payor is required to request the identifying number of the payee. If after such a request has been made, the payee does not furnish the payor with his identifying number, the penalty will not be assessed against the payor.

42. Jabari Nazir Bey provided OAKTON COMMUNITY COLLEGE with an affidavit stating that he does not have a social security number or card, and the college was in full compliance.

43. Plaintiff has filed multiple affidavits in the Amended Complaint of harassment and discrimination by OAKTON COMMUNITY COLLEGE in which OAKTON COMMUNITY COLLEGE has not rebutted via affidavit. This has caused great stress and anxiety to this present day. This harassment and discrimination was also brought up in the Illinois Department of Human Rights Fact Finding Conference Meeting.

44. Plaintiff has stated claims in this case in which relief shall be granted with a preponderance of evidence of intentional and knowingly discrimination, harassment, violations of laws, fraud, alterations and much more which has cause him severe financial stress/hardship.

45. Plaintiff throughout this entire case reserves all of his rights and does not waive his rights to a Jury Trial.

## Conclusion

46. Plaintiff demands that this Amended Complaint is granted with prejudice.

47. Defendant motion to dismiss is denied with prejudice.

48. Plaintiff demands his right to a Jury Trial.

49. Plaintiff demands that the court does not rule my mail and that both parties have the opportunity

for a briefing schedule.

50. Plaintiff wants to be awarded all damages in the Amended Complaint.

51. Any other relief the court deems necessary to the Plaintiff.

Minister Jabari Nazir Bey
c/o Post Office Box 496211
Chicago, Illinois [60649]
Telephone# 773-628-9140

Respectfully Submitted

_____
Minister Jabari Nazir Bey (Natural Living Flesh and Blood Being)

# EXHIBIT A



# [Fwd: email/user id has been changed]

**Jabari Nazir Bey** — 22 Jan 2014
To me

------------------ Original Message ------------------
Subject: email/user id has been changed
From: "Mum R. Martens" <mmartens@oakton.edu>
Date: Wed, December 18, 2013 12:40 pm
To: "Jabari Nazir Bey" <jbey@oakton.edu>
------------------------------------------------------

See below.

Happy holidays,
Mum

-------- Original Message --------
Subject: Fwd: Re: Fwd: Mr. Jabari Nazir Bey
Date: Wed, 18 Dec 2013 12:15:34 -0600
From: Nadine Mitchell-Poyser
Organization: Oakton Community College
To: Mum R. Martens

Ryan Kendricks has been changed to Jabari Nazir Bey.

Nadine

-------- Original Message --------
Subject: Re: Fwd: Mr. Jabari Nazir Bey
Date: Wed, 18 Dec 2013 11:41:44 -0600
From: Peter Wightman
Reply-To: wightman@oakton.edu
Organization: Oakton Community College
To: Nadine Mitchell-Poyser
CC: operations@oakton.edu

Done.
Pete

-- Mum R. Martens, M.S. Executive Director Department of Human Resources Oakton Community College 1600 E. Golf Rd - Des Plaines, IL Phone: 847.635.1675 Fax: 847.635.1764 www.oakton.edu

Reply, Reply all or Forward | More

Click to Reply All

aee

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Minister Jabari Nazir Bey a/k/a/ Jabari Nazir Bey<br><br>Plaintiff,<br><br>V.<br><br>OAKTON COMMUNITY COLLEGE,<br><br>DEFENDANT, | Case No. 14CV6655<br>Honorable Judge: John J. Tharp, Jr.<br><br><br><br>Jury Trial Demand |

**NOTICE OF FILING**

TO: OAKTON COMMUNITY COLLEGE
    ATTN: PRESIDENT MARGARET B. LEE
    1600 EAST GOLF ROAD
    DES PLAINES, IL 60016
    (847) 635-1600

TO: ATTORNEYS FOR OAKTON COMMUNITY COLLEGE
PHILIP H. GERNER III
RACHEL E. LUTNER
ROBBINS SCHWARTZ, et al.
55 WEST MONROE #800
CHICAGO, IL 60603

FILED
APR - 7 2015
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**PLEASE TAKE NOTICE** that on April 07, 2015, I have filed with the United States District Court for the Northern District of Illinois, a PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT, a copy of which is served upon you.

-1-

## CERTIFICATE OF SERVICE

I, Minister Jabari Nazir Bey, which I certify I served a copy of this Notice of Filing of this PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT for a copy to be served upon the fore going person(s) named in the above-captioned matter OAKTON COMMUNITY COLLEGE, ATTN: PRESIDENT MARGARET B. LEE, 1600 EAST GOLF ROAD, CHICAGO, ILLINOIS 60016 and ATTORNEYS above by U.S. Marshall/Certified Mail/Fax April 07, 2015 before 5:00PM.

_____
Minister Jabari Nazir Bey
All Rights Reserved